**NOT FOR PUBLICATION**

FILED

OCT 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOURTH AGE LIMITED, a United Kingdom corporation; PRISCILLA MARY ANNE REUEL TOLKIEN, as Trustee of the Tolkien Trust, a United Kingdom Charitable Trust; J.R.R. TOLING ESTATE LIMITED, a United Kingdom corporation; HARPERCOLLINS PUBLISHERS, LTD, a United Kingdom corporation; UNWIN HYMAN, LTD, a United Kingdom corporation; GEORGE ALLEN AND UNWIN PUBLISHER, LTD, a United Kingdom corporation, <br><br> Plaintiffs-counter-defendants - Appellants, <br><br> v. <br><br> WARNER BROS ENTERTAINMENT, INC., a Delaware corporation as successor-in-interest to New Line Cinema Corp.; WARNER BROS DIGITAL DISTRIBUTION, INC., a division of Warner Bros Home Entertainment Inc, a Delaware corporation; WARNER BROS CONSUMER PRODUCTS, INC., a Delaware corporation; SAUL ZAENTZ COMPANY, a California corporation; NEW LINE PRODUCTIONS, INC., a | No. 13–56392 <br><br> D.C. No. 2:12-cv-09912-ABC-SH <br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

California corporation,

Defendants-counter-claimants
- Appellees.

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted October 22, 2015[**]
Pasadena, California

Before: PREGERSON and TROTT, Circuit Judges, and STAFFORD, Senior District Judge.[***]

This case arises out of the parties' disagreement about the scope of their rights under certain contracts. For two years, with each claiming that the other breached the contracts, the parties attempted to resolve their contract-related disputes through settlement negotiations and mediation. When the parties' attempts at resolution proved unsuccessful, Plaintiffs filed suit for breach of contract. In response, Defendants filed breach-of-contract counterclaims.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

Invoking California's anti-SLAPP statute,[1] Cal. Civ. Proc. Code § 425.16, Plaintiffs moved to strike Defendants' breach-of-contract counterclaims. In their motion, Plaintiffs argued that Defendants' counterclaims were filed solely to punish Plaintiffs for filing their lawsuit, thereby violating the anti-SLAPP statute. The district court rejected Plaintiffs' argument, recognizing that the lawsuit was a "routine contract dispute that gave rise to [both] claims and counterclaims . . . [for] affirmative relief." According to the district court, Defendants' contract-related counterclaims lacked "the hallmark characteristics of SLAPP suits."

Based on our review of the record and the parties' briefs, we conclude that the district court correctly denied Plaintiffs' anti-SLAPP motion to strike. Accordingly, we **AFFIRM**.

---

[1] SLAPPs, or Strategic Lawsuits Against Public Participation, are "lawsuits that masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Batzel v. Smith*, 333 F.3d 1018, 1023 (9th Cir. 2003) (internal quotation marks omitted).